**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RYAN T. ARMSTRONG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. 22-CV-0248-CVE-SH |
| | ) |
| WILLIAM RANKINS, | ) |
| Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Ryan Armstrong, a state prisoner appearing pro se,[1] brings this action pursuant

to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the

District Court of Tulsa County, Case No. CF-2018-1699.  Respondent William Rankins has moved

to dismiss the petition, arguing that Armstrong failed to file it within the one-year statute of

limitations prescribed in 28 U.S.C. § 2244(d)(1), and, in the alternative, that Armstrong failed to

exhaust available state remedies before filing the petition, in contravention of 28 U.S.C.

§ 2254(b)(1)(A).  Having considered the petition (Dkt. # 1), Rankins' motion to dismiss (Dkt. # 6)

and brief in support (Dkt. # 7), and Armstrong's response in opposition to the motion (Dkt. # 8),

the Court grants Rankins' motion and dismisses the petition with prejudice, as barred by the one-

year statute of limitations.

I.      BACKGROUND

On August 24, 2018, Armstrong entered a plea of guilty in Tulsa County District Court

---

[1] Because Armstrong appears without counsel, the Court must liberally construe his
pleadings.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the rule of liberal
construction neither requires nor permits the Court to act as an advocate on his behalf by crafting
legal arguments or scouring the record for facts to support his claims.  Garrett v. Selby Connor
Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

Case No. CF-2018-1699 on one count of sexually abusing a child under the age of 12, in violation of OKLA. STAT. tit. 21, § 843.5(F).  Dkt. # 7-2; Dkt. # 7-3.  The trial court imposed a 32-year prison sentence, to be served in the custody of the Department of Corrections.   Dkt. # 7-3, at 1.[2] Armstrong did not move to withdraw his plea within 10 days of sentencing, a precondition to seeking direct review of his conviction and sentence through a certiorari appeal with the Oklahoma Court of Criminal Appeals (OCCA).  Dkt. # 1, at 2; see Clayton v. Jones, 700 F.3d 435, 441 (10th Cir. 2012) (discussing appeal process in Oklahoma for defendants who plead guilty and noting that defendant must move to withdraw guilty plea within 10 days if defendant intends to appeal). Rather, Armstrong moved to withdraw his plea of guilty on December 13, 2018, and again on December 27, 2018, and the state district court denied both motions as untimely.  Dkt. # 7-1, at 12; Dkt. # 7-4.  Armstrong then filed a motion on June 12, 2019, seeking "files, records, [and] transcripts at public expense," and a "Pro-Se Motion to Compel the Courts" on September 3, 2019, urging the state district court to rule on his motion for documents.  Dkt. # 7-5; Dkt. # 7-6.  The record does not indicate that the state district court issued a ruling on either motion.

Armstrong did not file an application for postconviction relief in the state district court until October 12, 2021, over three years after his conviction became final on September 4, 2018. Dkt. # 7-7.  The state district court denied Armstrong's application on February 9, 2022, and Armstrong did not appeal the determination to the OCCA.  Dkt. # 7-11; see Dkt. # 1, at 6. Armstrong filed his federal habeas petition on June 6, 2022, alleging that the state statute on which he was convicted is unconstitutionally vague and that he received ineffective assistance of counsel in violation of the Sixth Amendment.  Dkt. # 1, at 5, 7.

---

[2] The Court's citations refer to the CM/ECF header pagination.

II.   DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

a.   The Applicable Limitations Period

Armstrong first invokes § 2244(d)(1)(B), claiming that the "AEDPA time limits are null-and-void as the charged statute is a State created impediment that still has NOT been removed." Dkt. # 1, at 13-14; see Dkt. # 1-1, at 19. Armstrong further claims that the OCCA impeded his ability to timely file his federal habeas petition by "refus[ing] to 'publish'" rulings on the constitutionality of the statute. Dkt. # 1-1, at 14. The impediment contemplated in § 2244(d)(1)(B), however, "must have actually prevented" the prisoner from filing his petition, and Armstrong fails to demonstrate that either the existence of the state statute or the purported absence of OCCA rulings on its constitutionality thwarted his ability to raise his federal habeas challenge

earlier.  Aragon v. Williams, 819 F. App'x 610, 613 (10th Cir. 2020)[3]; see Donahue v. Harding,

No. CIV-21-183-PRW, 2021 WL 4714662, at *4 (W.D. Okla. Sept. 15, 2021) ("[E]xpected legal

futility does not trigger a new start date under § 2244(d)(1)(B)."), adopted, 2021 WL 4711680

(W.D. Okla. Oct. 8, 2021).[4]

Armstrong next argues that he discovered the factual predicate to his claims "with the filing

of [his] post-conviction [application]" in October 2021, rendering his petition timely under §

2244(d)(1)(D).  Dkt. # 1, at 14.  Armstrong fails to support this assertion by identifying the factual

predicate or providing argument as to why the facts could not have been discovered earlier through

the exercise of due diligence.  Armstrong's federal habeas claims involve the constitutionality of

the statute on which he was convicted and the effectiveness of his counsel in relation to his plea

agreement.  Neither claim appears to involve facts unknown to Armstrong in the year following

his conviction.  Accordingly, Armstrong has not shown that § 2244(d)(1)(D) is applicable to his

claims.

Since Armstrong has failed to allege facts triggering 28 U.S.C. § 2244(d)(1)(B), (C), or

(D), the one-year limitation period for his petition began to run pursuant to § 2244(d)(1)(A) on the

date on which the conviction became final, September 4, 2018.  The limitation period expired one

year later, on September 4, 2019, rendering his June 6, 2022, federal habeas petition untimely

absent statutory or equitable tolling.

---

[3] The Court cites all unpublished decisions herein as persuasive authority.  Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[4] Insofar as Armstrong's petition and supporting documents could be liberally construed as alleging that his inability to obtain his "case file," court records, and transcripts was an impediment under § 2244(d)(1)(B), the argument likewise fails.  See Dkt. # 1-1, at 19-22.  Armstrong "does not allege specific facts that demonstrate how his alleged denial of these materials impeded his ability to file a federal habeas petition."  Weibley v. Kaiser, 50 F. App'x 399, 403 (10th Cir. 2002). Further, § 2244(d)(1)(B) is triggered only by the removal of an impediment, and Armstrong does not claim to have received the documents prior to filing his petition.

b.   Statutory and Equitable Tolling

Under 28 U.S.C. § 2244(d)(2), the limitation period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to state petitions for postconviction relief filed beyond the one-year limitation period prescribed by the AEDPA. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006). Armstrong's October 12, 2021, application for postconviction relief was filed over two years after the expiration of the AEDPA's one-year limitations period and does not, therefore, trigger statutory tolling under § 2244(d)(2).

Similarly, Armstrong's additional state-court filings following his conviction fail to provide a basis for statutory tolling. A motion to withdraw a guilty plea is typically "considered part of the direct appeal process," and, as such, does not qualify as an application for collateral review within the meaning of § 2244(d)(2). York v. Galetka, 314 F.3d 522, 526 (10th Cir. 2003); see Wall v. Kholi, 562 U.S. 545, 547 (2011). Nor do Armstrong's two motions seeking files, records, and transcripts qualify as applications for collateral state review, as they do not seek "judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." Levering v. Dowling, 721 F. App'x 783, 787 (10th Cir. 2018) (internal quotation marks omitted) (holding that the applications for collateral review contemplated in § 2244(d)(2) do not extend to motions for transcripts and exhibits); accord May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003). Accordingly, Armstrong has failed to demonstrate entitlement to statutory tolling.

While the one-year statute of limitations may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the

failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v.

Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Armstrong has not argued that he is entitled to

equitable tolling, and the record before the Court does not demonstrate such entitlement. See Yang

v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show

specific facts to support his claim of extraordinary circumstances and due diligence." (alteration

and internal quotation marks omitted)).[5]

III.    CONCLUSION

Based on the foregoing, the Court grants Rankins' dismissal motion (Dkt. # 6) and

dismisses the petition, with prejudice, as barred by the one-year statute of limitations. In addition,

the Court declines to issue a certificate of appealability because the Court finds that no reasonable

jurists would debate the procedural dismissal of the petition on statute-of-limitations grounds. 28

U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

---

[5] Though Armstrong alleges that he "could not obtain his defense file" from his public defender and that the state district court failed to rule on his motions for records and transcripts, Armstrong fails to provide specific facts demonstrating that these issues constitute extraordinary circumstances or demonstrate that the records were essential for the filing of his habeas petition. Dkt. # 1-1, at 19, 21; see Bhutto v. Wilson, 669 F. App'x 501, 503 (10th Cir. 2016) (holding that the "failure to receive trial transcripts and certain other court documents to canvas the record for possible error does not constitute 'extraordinary circumstances'" entitling the petitioner to equitable tolling); United States v. Denny, 694 F.3d 1185, 1192 (10th Cir. 2012) (citing Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 750-51 (6th Cir. 2011) for the proposition that "'the unavailability of or delay in receiving [trial] transcripts [was] not enough to entitle a habeas petitioner to equitable tolling' under AEDPA because transcripts were not essential for filing habeas petition"); Porter v. Allbaugh, 672 F. App'x 851, 857 (10th Cir. 2016) (concluding that "general grievances" in obtaining trial transcripts did not constitute "*extraordinary circumstances*").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Dkt. # 6) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice** as barred

   by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

**DATED** this 11th day of January, 2023.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE